## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2015, 8:56 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Shelley, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 28, 2015 <br><br> Court of Appeals Case No. 49A02-1502-CR-82 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Steven J. Rubick, Magistrate <br><br> Trial Court Cause No. 49G19-1409-CM-42069 |

**Crone, Judge.**

# Case Summary

The trial court found Robert Shelley guilty of class A misdemeanor carrying a handgun without a license. On appeal, Shelley contends that his conviction should be overturned based on a statutory exception. We conclude that the exception is irrelevant and affirm his conviction.

# Facts and Procedural History

The relevant facts most favorable to the trial court's judgment are that on August 31, 2014, Shelley transported a handgun in his vehicle to the Indianapolis home of his friend, Jackson Coe, who was interested in purchasing the handgun. Shelley parked in Coe's driveway. Coe sat in the driver's seat, and Shelley sat in the front passenger's seat. While Shelley was trying to unload the handgun, it accidentally discharged and shot Coe in the thigh. Emergency personnel were summoned, and Shelley moved his vehicle to make room for the ambulance. Shelley gave a police officer permission to search his vehicle. The officer found the handgun in a gun case and also found a spent shell casing. A police detective determined that Shelley did not have a license to carry the handgun. The State charged Shelley with class A misdemeanor carrying a handgun. The trial court found Shelley guilty. Shelley now appeals.

# Discussion and Decision

Shelley was convicted of carrying a handgun without a license pursuant to Indiana Code Section 35-47-2-1, which reads in pertinent part as follows:

(a) Except as provided in subsections (b) and (c) … of this chapter, a person shall not carry a handgun in any vehicle or on or about the person's body without being licensed under this chapter to carry a handgun.

(b) Except as provided in subsection (c) [which is irrelevant here], a person may carry a handgun without being licensed under this chapter to carry a handgun if:

…

(2) the person carries the handgun on or about the person's body while lawfully present in or on property that is owned, leased, rented, or otherwise legally controlled by another person, if the person:

(A) has the consent of the owner, renter, lessor, or person who legally controls the property to have the handgun on the premises;

…

(3) the person carries the handgun in a vehicle that is owned, leased, rented, or otherwise legally controlled by the person, if the handgun is:

(A) unloaded;

(B) not readily accessible; and

(C) secured in a case[.]

[4]     Shelley contends that his conviction should be overturned pursuant to subparagraph (b)(2)(A) of the statute because he carried the handgun on Coe's property with Coe's consent. The State contends that this provision is

irrelevant because the evidence and reasonable inferences most favorable to the trial court's judgment indicate that Shelley carried a loaded handgun to Coe's house without a license in violation of subparagraph (b)(3)(A). We agree with the State.

[5] On appeal, we do not reweigh evidence or judge witness credibility. *Amos v. State*, 896 N.E.2d 1163, 1170 (Ind. Ct. App. 2008), *trans. denied* (2009). "We will consider only the evidence most favorable to the judgment together with the reasonable inferences to be drawn therefrom. We will affirm the conviction if sufficient probative evidence exists from which the fact finder could find the defendant guilty beyond a reasonable doubt." *Id*. (citation omitted). "On appeal, the circumstantial evidence is not required to overcome every reasonable hypothesis of innocence; it is enough if an inference reasonably tending to support the conviction can be drawn from the circumstantial evidence." *Id*. at 1171 (citation, quotation marks, and alteration omitted).

[6] Shelley complains that neither the State nor the trial court relied on this theory at trial, but it is well settled that "[t]his court will affirm a conviction on any basis fairly presented by the record." *Mesarosh v. State*, 459 N.E.2d 426, 428 (Ind. Ct. App. 1984). The State points out that Shelley was charged in generic terms. *See* Appellant's App. at 13 ("Shelley did knowingly carry a handgun in a vehicle or on or about his person, without being licensed as required by law[.]"). The State's closing argument was similarly generic, and the trial court's rationale for its guilty finding is cryptic. *See* Tr. at 41 ("The evidence before the Court is not just that Mr. Shelley shot his friend in the leg but that he

moved the vehicle with the gun in it away from the scene. Court finds the evidence is sufficient to sustain a[] conviction for carrying a handgun without a license."). Shelley contends that "the evidence does not suggest the gun was loaded when brought to Mr. Coe's house" and that "[i]t is more likely the gun had been loaded, maybe even fired before [Shelley] set about unloading it for placement back in the case." Appellant's Reply Br. at 4. This is merely an invitation to reweigh evidence and draw inferences in Shelley's favor, which we may not do. The evidence elicited at trial was minimal, but it would be reasonable for a factfinder to infer that the handgun was loaded when Shelley carried it to Coe's house without a license. That was a violation of Indiana Code Section 35-47-2-1, and therefore we affirm Shelley's conviction.

[7] Affirmed.

May, J., and Bradford, J., concur.